LET THE COURT'S RECORD REFLECT THE FOLLOWING:

MR. SEBREN A. PIERCE: P-60621

CTF-CSP, RA-241U

P.O. BOX: 705

SOLEDAD, CA. 93960

PLAINTIFF/PETITIONER IN PROPRIA PERSONA

FILED

JAN - 5 2018

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CV 18  0096 JST (PR)

| | |
|---|---|
| SEBREN A. PIERCE, | U.S. DIST. CT. CASE NO. |
| PLAINTIFF/PETITIONER, | SUPREME CT. OF CAL. CASE NO. E069229: |
| VS. | |
| SUPREME COURT OF CALIFORNIA, | PETITION FOR WRIT OF MANDATE: |
| RESPONDENT, | |
| CUMMINGS, McCLOREY, DAVIS, ACHO... | |
| ATTORNEYS AT LAW, | |
| REAL PARTY IN INTEREST. | |

TO: THE COURT, RESPONDENT, RESPONDENT'S REPRESENTATIVE, AND ALL OTHER INTERESTED PARTIES.

PLAINTIFF/PETITIONER, SEBREN A. PIERCE, (HEREIN: "PLAINTIFF"), IN PROPRIA PERSONA PETITIONS THE COURT FOR ISSUANCE OF THE INSTANT PETITION FOR WRIT OF MANDATE TO DIRECT THE RESPONDENT COURT TO ADHERE TO THE STATE OF EXISTING CONSTITUTIONAL PROVISIONS AND LAW, THAT GOVERNS THE SUBJECT MATTER OF THE INSTANT PETITION.

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

ON: 10/25/2017, PLAINTIFF FILED: "PETITION FOR WRIT OF MANDATE," IN THE RESPONDENT COURT, (IN THE SUPREME COURT OF CALIFORNIA).

PLAINTIFF, IS THE PLAINTIFF IN A CIVIL COMPLAINT ENTITLED: SEBREN A. PIERCE V. BRYAN F. FOSTER, et al., (SUPERIOR COURT CASE NO. CIVDS17080668).

RESPONDENT COURT IS THE SUPREME COURT OF CALIFORNIA.

THE REAL PARTY IN INTEREST IS DEFENSE COUNSEL(S), CUMMINGS, McCLOREY, DAVIS, ACHO...

RESPONDENT COURT HAS A CLEAR, PRESENT, AND MINISTERIAL DUTY TO ABIDE BY AND ADHERE TO EXERCISE OF SOUND DISCRETION, GOVERNED BY LEGAL RULE, TO DO JUSTICE ACCORDING TO THE LAW IN CONDUCTING HEARINGS, RECEIVING EVIDENCE, AND TO ISSUE RULINGS CONSISTENT WITH LAWS GOVERNING THE SUBJECT MATTER OF THIS PETITION.

RESPONDENT HAS FAILED AND/OR REFUSED TO EXERCISE SOUND DISCRETION AS FOLLOWS:

ON: 12/13/2017, RESPONDENT COURT RENDERED A "POST CARD" DENIAL OF THE INSTANT PETITION FOR WRIT OF MANDATE, WITHOUT GIVING DUE CONSIDERATION TO PLAINTIFF'S CONSTITUTIONAL CHALLENGE TO STATE STATUTES:

## CONSTITUTIONAL QUESTION(S):

WHETHER, CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, ARE IN CONFLICT WITH ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

WHETHER, THE TEXT/WORDING OF CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, CREATED THE CONFLICT WITH ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

WHETHER, CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, ESTABLISHMENT OF "DOLLARS" AS A TENDER IN PAYMENT OF DEBT, IN CONFLICT WITH ARTICLE: ONE, § TEN,

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

OF THE CONSTITUTION OF THE UNITED STATES.

WHETHER, CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, CUASED PLAINTIFF TO VIOLATE ARTICLE: ONE, § TEN, OF THE CONSTITUITON OF THE UNITED STATES.

PERTINENT CONSTITUTIONAL PROVISIONS:

ARTICLE: SIX, § TWO, OF THE CONSTITUTION OF THE UNITED STATES, IN PERTINENT PART, PROVIDES: "...THIS CONSTITUTION, AND THE LAWS OF THE UNITED STATES WHICH SHALL BE MADE IN PURSUANCE THEREOF...SHALL BE THE SUPREME LAW OF THE LAND..."

ARTICLE: SIX, § THREE, OF THE CONSTITUTION OF THE UNITED STATES, IN PERTI-NENT PART, PROVIDES: "...JUDICIAL OFFICERS, BOTH OF THE UNITED STATES AND THE SEVERAL STATES SHALL BE BOUND BY OATH OR AFFIRMATION, TO SUPPORT THIS CONSTITU-TION..."

ARTICLE: FIVE, OF THE CONSTITUTION OF THE UNITED STATES, PROVIDES THE PRO-CESS TO PROPOSE, ADOPT AND AMEND ARTICLES WITHIN THE CONSTITUTION OF THE UNITED STATES.

THE DOCTRINE OF MARBURY V. MADISON:

THE SUPREME COURT OF THE UNITED STATES ASSERTED THE RIGHT TO DECLARE AN ACT OF CONGRESS UNCONSTITUTIONAL FOR THE FIRST TIME IN 1803. IN THE CASE OF: MARBURY V. MADISON. CONGRESS HAD PASSED AN ACT TO GIVE THE SUPREME COURT ORIGINAL JURIS-DICTION IN A CASE NOT AUTHORIZED BY THE CONSTITUTION, WHICH ENUMERATED THE MAT-TERS IN WHICH THAT COURT SHALL HAVE ORIGINAL JURISDICTION. THE LAW WAS CLEARLY

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

IN VIOLATION OF THE CONSTITUTION, AND THE SUPREME COURT RULED THAT, FOR THIS REASON, IT WASN'T BINDING--THAT IS, IT WAS NULL AND VOID. CHIEF JUSTICE MARSHALL, WHO GAVE THE OPINION OF THE COURT, HELD THAT THE LIMITATIONS IMPOSED BY THE CONSTITUTION ON THE LEGISLATIVE POWER WOULD BE MEANINGLESS IF THE LEGISLATURE ITSELF WERE LEFT TO JUDGE OF THE NATURE AND EXTENT OF THESE LIMITATIONS. HE STATED:

"IT IS EMPHATICALLY THE PROVINCE AND DUTY OF THE JUDICIAL DEPARTMENT TO SAY WHAT THE LAW IS. THOSE WHO APPLY THE RULE TO PARTICLAR CASE MUST OF NECESSITY EXPOUND AND INTERPRET THAT RULE. IF TWO LAWS CONFLICT WITH EACH OTHER, THE COURT MUST DECIDE ON THE OPERATION OF EACH. SO IF A LAW BE IN OPPOSITION TO THE CONSTITUTION--IF BOTH THE LAW AND THE CONSTITUTION APPLY TO A PARTICULAR CASE, SO THAT THE COURTS MUST EITHER DECIDE THAT CASE CONFORMABLY TO THE LAW, DISREGARDING THE LAW--THE COURTS MUST DETERMINE WHICH OF THESE CONFLICTING RULES GOVERNS THE CASE. THIS IS THE VERY ESSENCE OF JUDICIAL DUTY. IF, THEN, THE COURTS ARE TO REGARD THE CONSTITUTION, AND THE CONSTITUTION AND NOT SUCH ORDINARY ACT, MUST GOVERN THE CASE TO WHICH THEY BOTH APPLY."

THE RULE LAID DOWN IN THIS CELEBRATED CASE WERE AFTERWARD AFFIRMED AND ACTED UPON UNIFORMLY BOTH BY THE FEDERAL AND STATE COURTS...

REASON FOR THE DOCTRINE:

THE COURT'S RIGHT TO DECLARE A LEGISLATURE'S UNCONSTITUTIONAL ACTS TO BE NULL AND VOID HAS FOUND A PLACE IN OUR JURISPRUDENCE AND IS POLITICAL IN CHARACTER. UNDER OUR SYSTEM OF CONSTITUTIONAL LIMITATIONS, IT IS NECESSARY THAT THE POWER TO ENFORCE THESE LIMITATIONS SHOULD BE LODGED SOMEWHERE, OR ELSE THEY MUST

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

BE INEFFECTIVE. TO VEST THE POWER IN THE LEGISLATURE WOULD BE TO MAKE IT THE JUDGE OF ITS OWN POWERS AND, SO FAR AS IT'S CONCERNED, THE RESTRICTIONS IMPOSED ON IT WOULD IN EFFECT BE NOTHING BUT SELF-LIMITATIONS. TO THE JUDGES, THEREFORE, AS THE PROTECTORS OF PRIVATE RIGHTS AND MAGISTATES BEST FITTED TO EXERCISE THIS FUCTION, THE POWER IS ACKNOWLEDGED TO RIGHTFULLY BELONG BY COMMON CONSENT. THE EFFECT IS TO GIVE THE JUDICIARY AN IMPORTANCE AND A RESPONSIBILITY THAT IT EN-JOYS IN NO OTHER COUNTRY.

    THEREFORE, ANY ACT OF LEGISLATURE, ACT OF CONGRESS MADE IN PURSUANCE OF THE CONSTITUTION, THAT IS INCONSISTENT WITH ANY PROVISION OF THE FEDERAL CONSTITUTION IS OF NO FORCE AND VALIDITY.

    IT IS NOT ONLY THE RIGHT, BUT THE DUTY OF ALL JUDGES, WHETHER STATE OR FEDERAL, TO REFUSE TO BE BOUND BY SUCH LEGISLATION OR CONGRESSIONAL ACT. JUDGES ARE EXPECIALLY BOUND BY OATH/AFFIRMATION TO SUPPORT THE FEDERAL CONSTITUTION, SINCE IT IS THEIR FUNCTION TO CONSTRUE AND DECLARE LAW AND TO GIVE EFFECT TO LAW BY THEIR ORDER AND JUDGMENTS.

    THE UNITED STATES CONGRESS ERRONEOUS ESTABLISHMENT OF "DOLLARS" AS THE CURRENCY OF THE UNITED STATES WAS WITHOUT CONSTITUTIONAL SUPPORT.

    THE U.S. CONGRESS FAILED TO UTILIZE "THE PROCEDURE FOR AMENDING THE FEDERAL CONSTITUTION." SPECIFICALLY, ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, THAT CURRENTLY, CITES, (WITHIN ITS WORDING/TEXT), "GOLD AND SILVER COIN" AS A TENDER IN PAYMENT OF DEBTS.

    CONGRESS WAS NOT AT LIBERTY TO VERBALLY AMEND ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

///            ///            ///
///            ///            ///

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

ARTICLE: FIVE, OF THE CONSTITUTION OF THE UNITED STATES:

IN PERTINENT PART, PROVIDES: "...AMENDMENTS, HOW PROPOSED AND ADOPTED:"
"THE CONGRESS, WHENEVER TWO-THIRDS OF BOTH HOUSES SHALL DEEM IT NECESSARY, SHALL PROPOSE AMENDMENTS TO THIS CONSTITUTION, OR, ON THE APPLICATION OF THE LEGISLATURES OF TWO-THIRDS OF THE SEVERAL STATES, SHALL CALL A CONVENTION FOR PROPOSING AMENDMENTS, WHICH, IN EITHER CASE, SHALL BE VALID TO ALL INTENTS AND PURPOSE, AS PART OF THIS CONSTITUTION, WHEN RATIFIED BY THE LEGISLATURES OF THREE-FOURTHS OF THE SEVERAL STATES, OR BY CONVENTIONS IN THREE-FOURTHS THEREOF, AS THE ONE OR THE OTHER MODE OF RATIFICATION MAY BE PROPOSED BY THE CONGRESS; PROVIDED THAT NO AMENDMENT WHICH MAY BE MADE PRIOR TO THE YEAR ONE THOUSAND EIGHT HUNDRED AND EIGHT SHALL IN ANY MANNER AFFECT THE FIRST AND FOURTH CLAUSES IN THE NINTH SECTION OF THE FIRST ARTICLE; AND THAT NO STATE, WITHOUT ITS CONSENT, SHALL BE DEPRIVED OF ITS EQUAL SUFFRAGE IN THE SENTATE..."

[CONGRESS FAILED/DID NOT UTILIZE ARTICLE: FIVE, OF THE CONSTITUTION OF THE UNITED STATES TO AMEND: ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES...THERE WAS ABSOLUTELY NO LEGAL STANDING FOR THE RESPONDENT COURT'S SUSTAINING DEFENDANT'S DEMURRER, THAT FILED: 09/27/2017].

RESPONDENT COURT FAILED TO SUPPORT THE CONSTITUITON OF THE UNITED STATES IN THE INSTANT CASE. IN DOING SO, THE RESPONDENT COURT VIOLATED ITS OATH/AFFIRMATION TO SUPPORT THE CONSTITUTION OF THE UNITED STATES, (THE SUPREME LAW OF THE LAND).

RESPONDENT COURT'S AFOREMENTION SUSTAINING OF DEFENDANT'S DEMURRER CONTINES PLAINTIFF'S VIOLATION TO ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, EACH AND EVERYTIME PLAINTIFF IS FORCED TO PAY RESTITUTION/FINE ON CASE NO. FSB-18868, UTILIZING "DOLLARS."

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

IT IS OF THE UTMOST IMPORTANCE TO NOTE, THAT ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES HAS NOT BEEN AMENDED UNDER ARTICLE: FIVE, OF THE CONSTITUTION OF THE UNITED STATES. CONGRESS HAS NOT PROPOSED, ADOPTED, AND AMENDED ARTICLE: ONE, § TEN, OF THE CONSTITUITON OF THE UNITED STATES, PURSUANT TO: ARTICLE: FIVE, CONGRESS WAS NOT AT LIBERTY TO VERBALLY AMEND ANY PART OF THE FEDERAL CONSTITUTION.

THE PUBLIC'S UTILIZATION OF "DOLLARS" HAS NO EFFECT ON THE COURT'S DECISION BECAUSE THE COURT TOOK AN OATH/AFFIRMATION TO THE CONSTITUTION OF THE UNITED STATES, NOT TO THE PUBLIC.

THE COURT'S CONSIDERATION ON THE INSTANT PETITION REST SOLELY ON THE TEXT/WORDING WITHIN ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES. THE RESPONDENT COURT, NOR THIS COURT TOOK AN OATH/AFFIRMATION TO CONGRESS. THE RESPONDENT COURT AND THIS COURT TOOK AN OATH/AFFIRMATION TO THE CONSTITUION OF THE UNITED STATES, (THE SUPREME LAW OF THE LAND). ANOTHER IMPORANT CONSTITUTIONAL QUESTION IS; WHETHER, THIS COURT IS OBLIGED TO SUPPORT ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

THE LEGAL STANDING OF THE RESPONDENT COURT REST ON THIS COURT'S IGNORING AND TRIVIALIZING ITS OATH/AFFIRMATION TO SUPPORT THE CONSTITUTION OF THE UNITED STATES, ALONG WITH IGNORING THE VIOLATIONS TO THE CONSTITUITON.

## CONCLUSION:

THE INSTANT PETITION FOR WRIT OF MANDATE SHOULD ISSUE FOR THE FACTS/REASONS AND THE STATE OF THIS COURT'S OATH/AFFIRMATION TO THE CONSTITUTIONAL PROVISIONS PREVIOUSLY PRESENTED TO THE COURT.

/// /// ///

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

PLAINTIFF HAS NO PLAIN, SPEEDY AND ADEQUATE REMEDY IN THE ORDINARY COURSE OF LAW OTHER THAN BY THIS PETITION, IN THAT THERE IS NO OTHER ADEQUATE PROCEDURE TO REQUIRE RESPONDENT COURT TO US DISCRETION GOVERNED BY LEGAL RULES TO DO JUSTICE ACCORDING TO LAW AND THE CONSTITUTION, OR TO OTHERWISE ENTITLE PLAINTIFF TO ENJOY THE BENEFITS SOUGHT THROUGH THIS PETITION.

PLAINTIFF HAS PERFORMED ALL CONDITIONS PRECEDENT TO THE FILING OF THIS PETITION, BY HAVING FIRST EXHAUSTED ALL AVAILABLE REMEDIES.

PLAINTIFF'S PRAYER FOR RELIEF:

PLAINTIFF PRAYS THAT THE COURT:

1). REMAND, AND INSTRUCT THE LOWER COURT TO VACATE ITS, 09/27/2017, ORDER SUSTAINING THE DEMURRER.

2). INSTRUCT THE LOWER COURT TO ISSUE A NEW AND DIFFERENT ORDER GRANTING PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER.

3). ORDER, THAT FULL RELIEF IS PAID TO PLAINTIFF, BY DEFENDANTS AS THERE IS NO REAL ARGUMENT AT LAW, AND DEFENDANTS' COUNSEL HAS NOT PROVIDED EVIDENCE, THAT CALIFORNIA PENAL CODE, § 1202.4 & 1202.45, ARE NOT IN CONFLICT WITH ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, NOR HAS COUNSEL FOR THE DEFENSE PROVIDED ANY EVIDENCE, THAT ESTABLISHES, THAT CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, DID NOT CAUSE PLAINTIFF TO VIOLATE ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

4). ORDER SUCH OTHER RELIEF AS THE COURT DEEMS APPROPRIATE AND JUST.

///        ///        ///
///        ///        ///

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

DATE: 12/26/2017 .

RESPECTFULLY SUBMITTED/FILED BY,

*Sebren A. Pierce*

MR. SEBREN A. PIERCE

(PLAINTIFF IN PROPRIA PERSONA)

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

MR. SEBREN A. PIERCE: P-60621

CTF-CSP, RA-241U

P.O. BOX: 705

SOLEDAD, CA. 93960

PLAINTIFF/PETITIONER IN PROPRIA PERSONA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE, | U.S. DIST. CT. CASE NO. |
| PLAINTIFF/PETITIONER, | SUPREME CT. OF CAL. CASE NO. E069229: |
| V. | |
| SUPREME COURT OF CALIFORNIA, | POINTS AND AUTHORITIES IN SUPPORT OF; |
| RESPONDENT, | PETITION FOR WRIT OF MANDATE: |
| CUMMINGS, McCLOREY, DAVIS, ACHO... | |
| ATTORNEYS AT LAW, | |
| REAL PARTY IN INTEREST. | |

PERTINENT CONSTITUTIONAL PROVISIONS:

ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, IN PERTINENT PART, PROVIDES: "...POWERS PROHIBITED TO THE STATES..." "...NO STATE SHALL... MAKE ANY THING BUT GOLD AND SILVER COIN A TENDER IN PAYMENT OF DEBTS..."

ARTICLE: SIX, § TWO, OF THE CONSTITUTION OF THE UNITED STATES, IN PERTINENT

1.

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

PART, PROVIDES: "...THIS CONSTITUTION, AND THE LAWS OF THE UNITED STATES WHICH SHALL BE MADE IN PURSUANCE THEREOF...SHALL BE THE SUPREME LAW OF THE LAND..."

ARTICLE: SIX, § THREE, OF THE CONSTITUTION OF THE UNITED STATES, IN PERTITENT PART, PROVIDES: "...JUDICIAL OFFICERS, BOTH OF THE UNITED STATES AND THE SEVERAL STATES SHALL BE BOUND BY OATH OR AFFIRMATION, TO SUPPORT THIS CONSTITUTION..."

ARTICLE: FIVE, OF THE CONSTITUTION OF THE UNITED STATES, PROVIDES THE PROCESS TO PROPOSE, ADOPT AND AMEND ARTICLES WITHIN THE CONSTITUITON OF THE UNITED STATES.

## THE DOCTRINE OF MARBURY V. MADISON:

THE SUPREME COURT OF THE UNITED STATES ASSERTED THE RIGHT TO DECLARE AN ACT OF CONGRESS UNCONSTITUTIONAL FOR THE FIRST TIME IN 1803. IN THE CASE OF: MARBURY V. MADISON, 1 Cranch 137, 176 2 L.Ed. 60 (1803). CONGRESS HAD PASSED AN ACT TO GIVE THE SUPREME COURT ORIGINAL JURISDICTION IN A CASE NOT AUTHORIZED BY THE CONSTITUTION, WHICH ENUMERATED THE MATTER IN WHICH THAT COURT SHALL HAVE ORIGINAL JURISDICTION. THE LAW WAS CLEARLY IN VIOLATION OF THE CONSTITUTION, AND THE SUPREME COURT RULED THAT, FOR THIS REASON, IT WASN'T BINDING--THAT IS, IT WAS NULL AND VOID. CHIEF JUSTICE MARSHALL, WHO GAVE THE OPINION OF THE COURT, HELD THAT THE LIMITATIONS IMPOSED BY THE CONSTITUTION ON THE LEGISLATURE ON THE LEGISLATIVE POWER WOULD BE MEANINGLESS IF THE LEGISLATURE ITSELF WERE LEFT TO JUDGE THE NATURE AND EXTENT OF THESE LIMITATIONS.
HE STATED:

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

"IT IS EMPHATICALLY THE PROVINCE AND DUTY OF THE JUDICIAL DEPARTMENT TO SAY WHAT THE LAW IS. THOSE WHO APPLY THE RULE TO PARTICLAR CASE MUST OF NECESSITY EXPOUND AND INTERPRET THAT RULE. IF TWO LAWS CONFLICT WITH EACH OTHER, THE COURT MUST DECIDE ON THE OPERATION OF EACH. SO IF A LAW BE IN OPPOSITION TO THE CONSTITUTION--IF BOTH THE LAW AND THE CONSTITUTION APPLY TO A PARTICLAR CASE, SO THAT THE COURT MUST EITHER DECIDE THAT CASE COMFORMABLY TO THE LAW, DISREGARDING THE LAW--THE COURT MUST DETERMINE WHICH OF THESE CONFLICTING RULES GOVERNS THE CASE. THIS IS THE VERY ESSENCE OF JUDICIAL DUTY. IF, THEN THE COURTS ARE TO REGARD THE CONSTITUTION, AND THE CONSTITUTION AND NOT SUCH ORDINARY ACT, MUST GOVERN THE CASE TO WHICH THEY BOTH APPLY."

THE RULE LAID DOWN IN THIS CELEBRATED CASE WERE AFTERWARDS AFFIRMED AND ACTED UPON UNIFORMLY BOTH BY THE FEDERAL AND STATE COURTS...

REASON FOR THE DOCTRINE:

THE COURT'S RIGHT TO DECLARE A LEGISLATURE'S UNCONSTITUTIONAL ACTS TO BE NULL AND VOID HAS FOUND A PLACE IN OUR JURISPURDENCE AND IS POLITICAL IN CHARACTER. UNDER OUR SYSTEM OF CONSTITUTIONAL LIMITATIONS, IT IS NECESSARY THAT THE POWER TO ENFORCE THESE LIMITATIONS SHOULD BE LODGED SOMEWHERE, OR ELSE THEY MUST BE INEFFECTIVE. TO VEST THE POWER IN THE LEGISLATURE WOULD BE TO MAKE IT THE JUDGE OF ITS OWN POWER AND, SO FAR AS IT'S CONCERNED, THE RESTRICTIONS IMPOSED ON IT WOULD IN EFFECT BE NOTHING BUT SELF-LIMITATIONS. TO THE JUDGES, THEREFORE, AS THE PROTECTORS OF PRIVATE RIGHTS AND MAGISTRATES BEST FITTED TO EXERCISE THIS FUNCTION, THE POWER IS ACKNOWLEDGED TO RIGHTFULLY BELONG BY COMMON CONSENT. THE EFFECT IS TO GIVE THE JUDICIARY AN IMPORTANCE AND A RESPONSIBILITY AND A RESPON-

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

SIBILITY THAT IT ENJOYS IN NO OTHER COUNTRY.

### THE DOCTRINE OF MARBURY V. MADISON, GOVERNS THE COURT'S CONSIDERATIONS ON THE INSTANT CHALLENGE TO STATE STATUTES:

THE COURT'S CONSIDERATION ON PLAINTIFF'S CONSTITUTIONAL CHALLENGE TO CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, REST ON THE EXISTING CONFLICT BETWEEN THE TEXT. TO REITERATE, ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, ESTABLISHED: "GOLD AND SILVER COIN SHALL BE A TENDER IN PAYMENT OF DEBTS..." CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, ESTABLISHED: "DOLLARS" AS A TENDER IN PAYMENT OF DEBTS, i.e., RESTITUTION AND FINES.

THE CONSTITUTIONAL LIMITATIONS PLACED ON CONGRESS ARE APPARENT. ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, LIMITS CONGRESS FROM THE ESTABLISHMENT OF: "DOLLARS," AS CURRENCY OF THE UNITED STATES, SIMPLY BECAUSE ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES HAS NOT BEEN AMENDED. THE TEXT STILL ESTABLISHES: "GOLD AND SILVER COIN SHALL BE A TENDER IN PAYMENT OF DEBTS..."

CONGRESS WAS NOT AT LIBERTY TO VERBALLY AMEND ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES. CONGRESS FAILED TO UTILIZE ARTICLE: FIVE, OF THE CONSTITUTION OF THE UNITED STATES TO PROPERLY AMEND ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

GIVEN THE AFOREMENTIONED FACTS, CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, ARE "NULL AND VOID," UNTIL ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES HAS BEEN PROPERLY AMENDED.

THE COURT HAS A DUTY, (ACCORDING TO THE AFOREMENTIONED DOCTRINE), TO RENDER

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

THE ONLY DECISION, THAT REMEDY THE CONFLICT BETWEEN ARTICLE: ONE, § TEN, OF THE CONSTITUTION AND CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45. CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, ARE "NULL AND VOID" UNTIL SUCH A TIME AS ARTICLE: ONE OF THE CONSTITUTION HAS BEEN PROPERLY AMENDED TO ESTABLISH: "DOLLARS" AS THE TENDER IN PAYMENT OF DEBTS.

## CONCLUSION:

PLAINTIFF'S PETITION FOR WRIT OF MANDATE SHOULD ISSUE FOR THE FACTS/REASONS PREVIOUSLY PRESENTED BEFORE THE COURT, AND IN THE STATE OF THE COURT'S EXISTING OATH OR AFFIRMATION TO SUPPORT THE CONSTITUTION.

## PLAINTIFF'S PRAYER FOR RELIEF:

1). REMAND, AND INSTRUCT THE LOWER COURT TO VACATE ITS, 09/27/2017, ORDER SUSTAINING THE DEMURRER.

2). INSTRUCT THE LOWER COURT TO ISSUE A NEW AND DIFFERENT ORDER GRANTING PLAINTIFF'S OPPOSITION TO DEFENDANT'S DEMURRER.

3). ORDER, THAT FULL RELIEF IS PAID TO PLAINTIFF, BY DEFENDANTS AS THERE IS NO REAL ARGUMENT AT LAW, AND DEFENDANTS' COUNSEL HAS NOT PROVIDED EVIDENCE, THAT CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, ARE NOT IN CONFLICT WITH ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES, NOR HAS COUNSEL FOR THE DEFENSE PROVIDED ANY EVIDENCE, THAT ESTABLISHES, THAT CALIFORNIA PENAL CODE, §§ 1202.4 & 1202.45, DID NOT CAUSE PLAINTIFF TO VIOLATE ARTICLE: ONE, § TEN, OF THE CONSTITUTION OF THE UNITED STATES.

4). ORDER SUCH OTHER RELIEF AS THE COURT DEEMS APPROPRIATE AND JUST.

LET THE COURT'S RECORD REFLECT THE FOLLOWING:

DATE: 12/26/2017 .

RESPECTFULLY SUBMITTED/FILED BY,

*Sebren A. Pierce*

MR. SEBREN A. PIERCE

(PLAINTIFF IN PROPRIA PERSONA)

6.

**PROOF OF SERVICE**
**BY PERSON IN STATE CUSTODY**
(C.P. §§ 1013 (A), 2015.5; F.R.C.P.5; 28 U.S.C. § 1746)

I, MARCUS E. OLIVER, declare:

I am over 18 years of age, and am not a party to this action. I am a resident of the Correctional Training Facility Prison in the County of Monterey, State of California. My prison address is:

CDCR # : AE0677

Correctional Training Facility
P.O. Box 705        Housing: RA-241L
Soledad, CA. 93960-0705

On 12/26/2017, I served the attached:

PETITION FOR WRIT OF MANDATE.

On the parties herein by placing true, and correct copies thereof, enclosed in a sealed envelope, with postage fully paid, **verified by, and given to prison staff *, pursuant to 15 CCR § 3142 (d),** for deposit in the United States Mail provided at the above named correctional institution in which I am presently confined.

The envelope was addressed as follows:

| | |
|---|---|
| SUPREME COURT OF CALIFORNIA | CUMMINGS, McCLOREY, DAVIS, ACHO... |
| SAN FRANCISCO OFFICE | 3801 UNITVERSITY AVE., STE. 560 |
| 350 McALLISTER STREET | RIVERSIDE, CA. 92501 |
| SAN FRANCISCO, CA. 94102-7303 | |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true, and correct.

Executed on: 12/26/2017

Marcus E. Oliver
(Declarant's Signature)
MARCUS E. OLIVER
(NON INTERESTED PARTY)

* Please, note that according to the prison mailbox rule, the document(s) mentioned herein is considered filed the day it is handed over to prison authorities for mailing to the court. See Huizar v. Carey (9th Cir. 2001) 273 F. 3d 1220, 1221, Moore v. Twomey (2004) 120 Cal. App. 4th 910, 913-918.

# VERIFICATION

## FORM No. 2

Verification of Pleading (Code Civ. Proc., § 446)
Declaration under Penalty of Perjury Form (Code Civ. Proc., §§ 446, 2015.5)

by Party

CASE TITLE  SEBREN A. PIERCE VS. BRYAN F. FOSTER, et al.

I, MARCUS E. OLIVER, declare:
  (Name)

I am the (NON INTERESTED PARTY) in the above-entitled matter.

I have read the foregoing  PETITION FOR WRIT OF MANDATE.
(pleading, e.g., complaint) and know the contents thereof.

The same is true of my own knowledge, except as to those matters which are therein stated on information and belief, and, as to those matters, I believe it to be true.

Executed on  12/26/, 20 17, at CTF-CSP,
  MONTEREY  County, California.

I declare (or certify) under penalty of perjury that the foregoing is true and correct.

*Marcus E. Oliver*
(Signature of Party)
MARCUS E. OLIVER
(NON INTERESTED PARY)