UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEBREN A. PIERCE,<br><br>    Petitioner,<br><br>v.<br><br>SUPREME COURT OF CALIFORNIA,<br><br>    Respondent. | Case No. 18-cv-00096-JST (PR)<br><br>**ORDER OF DISMISSAL** |

**INTRODUCTION**

Sebren A. Pierce, a prisoner of the State of California, commenced this action by filing a petition for writ of mandate. He then filed an amended petition for writ of mandate, which is now before the court for review pursuant to 28 U.S.C. §1915A. Pierce has paid the filing fee.

**BACKGROUND**

According to the petition, Pierce suffered a criminal conviction in the San Bernardino County Superior Court and, in addition to his sentence to state prison, was ordered to pay a restitution fine pursuant to California Penal Code Sections 1202.4 and 1202.45. Pierce later filed a civil action in the San Bernardino County Superior Court challenging the restitution fine on the grounds that California Penal Code Sections 1202.4 and 1202.45 violate Article 1, Section 10 of the United States Constitution, which provides that "No State shall . . . make any Thing but gold and silver Coin a Tender in Payment of Debts." Pierce argued that this provision makes it unlawful to order restitution in the form of dollar currency.

The action was brought against the judge who presided over Pierce's criminal proceedings.

The San Bernardino County Superior Court sustained defendant's demurrer to Pierce's civil action and denied Pierce's motion for consideration. Pierce then filed a petition for writ of mandate in the Supreme Court of California, which was denied. By way of this action, Pierce seeks an order directing the San Bernardino County Superior Court to vacate its order sustaining the demurrer to his civil action.

## DISCUSSION

### A. Legal Standard

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

### B. Writ of Mandamus

Pierce is not entitled to relief under the federal mandamus statute because that statute reaches only *federal* officers and employees, not *state* officers and employees. See 28 U.S.C. § 1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). A petition for mandamus to compel a state court or official to take or refrain from some action is frivolous as a matter of law. See Demos v. U.S. District Court, 925 F.2d 1160, 1161-62 (9th Cir.), cert. denied, 111 S. Ct. 1082 (1991); Cf. Pacific Bell Tel. Co. v. City of Walnut Creek, 428 F. Supp. 2d 1037, 1055 n.6 (N.D. Cal. 2006) (the "claim for a writ of mandate is a state law claim. Although the asserted bases for issuance of such writ are the City's alleged violations of both federal and state law, the claim remains a state law claim" over which the court refused to exercise supplemental jurisdiction). Pierce cannot obtain a federal writ of mandamus compelling the San Bernardino County Superior Court to take action or refrain from taking action.

## CONCLUSION

Accordingly, the action is DISMISSED for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915A. The Court certifies that any appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3). The Clerk of the Court shall issue judgment and close the file.

**IT IS SO ORDERED.**

Dated: April 25, 2018

_____
JON S. TIGAR
United States District Judge